## CHENEY et al. v. HALEY et al. †
### No. 4223.

Court of Appeal of Louisiana. Second Circuit.
Dec. 9, 1931.

M. C. Redmond, of Monroe, for appellant.

Munholland & Munholland, of Monroe, for appellee.

STEPHENS, J.

The plaintiff seeks in this suit to have the defendants ejected from the leased premises for failure to pay rent. The plaintiff proceeded by notice and rule as provided by Act No. 55 of 1926 of the statutes of the state of Louisiana, amending the Revised Statutes, § 2155.

The defendants excepted to the summary procedure, and answered admitting they were in possession of the property from which they were sought to be ejected, but denied that they were tenants of plaintiff, or that they owed plaintiff rent.

A trial of the rule resulted in a judgment rejecting plaintiff's demands, and from that judgment she has appealed.

The evidence discloses that the plaintiff leased the premises through her agent to one A. R. Haley during the fall of 1926 for the consideration of $100 per year; that the said A. R. Haley died in April 1930; that the defendant Mrs. A. R. Haley, the surviving spouse of A. R. Haley, and the defendants A. J. Haley, A. M. Haley, and Joe Haley, the sons of A. R. Haley, continued to occupy the premises leased by A. R. Haley, after his death, and were in possession of same, as admitted, at the time of the institution of this suit.

The sole question that it is necessary to determine is whether the plaintiff was within her legal rights in resorting to the summary process provided by the act above referred to. We are of the opinion that she was not, as the relation of landlord and tenant did not exist between her and the defendants. The act is clear and specific in its provisions that this rigorous, extraordinary, and summary remedy may be exercised only against the tenant. Certainly the scope of its severe provisions may not be extended by implication to include persons other than tenants. The plaintiff must pursue the ordinary remedies provided by law to test the question of her right to possession of the property under the circumstances here presented.

The judgment of the district court, we think, is correct, and it is affirmed.